# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | |
| MILLENNIUM CELL, INC. | : | Chapter 7 |
| | : | |
| Debtor | : | Bky. No. 09-11139CSS |
| | : | |
| | : | Objection Deadline: February 12, 2010 at 4:00 p.m. |
| | : | Hearing Date: February 18, 2010 at 9:00 a.m |

## TRUSTEE'S APPLICATION FOR AUTHORITY TO EMPLOY AND RETAIN APTO SOLUTIONS, INC. TO PROVIDE VALUATION AND ASSET SALE SERVICES TO GEORGE L. MILLER, THE CHAPTER 7 TRUSTEE *NUNC PRO TUNC* TO JANUARY 20, 2010 PURSUANT TO 11 U.S.C. § 327(a) AND FED. R. BANKR. P. 2014

George L. Miller, (the "Trustee"), the Chapter 7 Trustee for the Estate of Millennium Cell, Inc. (the "Debtor"), hereby respectfully requests the entry of an order, pursuant to Sections 327(a) of title 11 of the United States Code (the "Bankruptcy Code") and rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the employment and retention of Apto Solutions, Inc. ("Apto") to provide valuation and asset sale services for the Trustee *nunc pro tunc* to January 20, 2010 (the "Application"). In support of the Application, the Trustee respectfully represents as follows:

## JURISDICTION

1. This Court has Jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceed pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue of this proceeding and this Application is proper and in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief sought herein is Section 327(a) of the Bankruptcy Code, as complemented by Bankruptcy Rule 2017 and Del. Bankr. LP 2014-1.

## BACKGROUND

4. The Debtor filed for protection under Chapter 7 of the United States Bankruptcy Code on March 31, 2009.

5. On April 1, 2009, George L. Miller, Trustee ("the Trustee") was appointed chapter 7 Trustee in this case.

6. The Trustee seeks to employ Apto to provide valuation and asset sale services in these proceedings.

7. The professional services that Apto will provide to the Trustee include, but shall not be limited to the following:

    a. To perform valuation and sale services for Trustee and the Assets (defined in the Agreement, attached hereto as Exhibit "A").

    b. To be the Trustee's exclusive remarketer for the Assets.

    c. To market and sell the Assets.

    d. To provide the Trustee with valuation services to first determine the applicable fair market value for the Assets.

    e. To produce a comprehensive valuation report attesting to the fair market value of Millennium Cell, Inc. (not including intellectual property), Horizon Fuel Cell Technologies and the shares held by Millennium Fuel Cell.

8. To the best of the Trustee's knowledge, and as disclosed in the Declaration of Jeffrey A. Jones (the "Declaration"), Apto has not represented the Debtor, its creditors, equity security holders or any other parties in interest, or their respective attorneys and accountants, the United States Trustee, or any other person employed in the Office of the

United States Trustee, in any matter relating to the Debtor or its estate. The Declaration is attached to this Application as Exhibit "B".

9. To the best of the Trustee's knowledge and as otherwise disclosed in the Declaration, Apto does not hold or represent any interest adverse to the Debtor's estate, and is a "disinterested person" as that phrase is defined in 11 U.S.C. § 101(14).

## RELIEF REQUESTED

10. By this Application, the Trustee seeks the entry of an Order pursuant to 11 U.S.C. § 327 Fed. R. Bankr. P. 2014 and Del. Bankr. LR 2014-1, authorizing him to employ Apto to provide valuation and asset sale services during this Chapter 7 case.

11. Section 327(a) of the Code provides, in relevant part, as follows:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

12. Bankruptcy Rule 2014(a) provides, in relevant part, as follows:

> An order approving the employment of attorneys…pursuant to § 327, § 1103, or § 1114 of the Code shall be made only on application of the trustee or committee. The application shall be filed and…a copy of the application shall be transmitted by the applicant to the United States trustee. The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connection with the debtor, creditors, and any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, or any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

13. Subject to Court approval in accordance with Section 330 of the Code, compensation will be payable to Apto in the following manner:

a. The marketing fee shall be 8% of the sale price for any Assets sold by Apto;

b. Service fees will be on an hourly basis as listed in Exhibit B.

14. The Trustee submits that the proposed employment of Apto is necessary and in the best interest of the Estate and the creditors.

## NOTICE

15. Notice of this Application has been given to the Debtor, through its counsel, the Office of the United States Trustee and all parties who have requested notice pursuant to Fed. R. Bankr. P. 2002. The Trustee submits that such notice is proper and adequate and no further notice is required.

**WHEREFORE**, the Trustee respectfully requests that an Order be entered authorizing him to employ Apto to provide valuation and asset sale services in this case, and that such employment be compensated pursuant to the terms set forth in this Application and approval by the Court, and for such other and further relief as is just.

Date: January 22, 2010

George L. Miller, Chapter 7 Trustee
for Millennium Cell, Inc.
8 Penn Center, Suite 950
1628 J.F.K. Blvd.
Philadelphia, PA 19103
Tele: 215-561-0950
Fax: 215-561-0330